**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| DANIEL GONGWER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO:  2:20-cv-459 |
| | ) |
| CRG RESIDENTIAL, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. N**ATURE OF THE **C**ASE

1. Plaintiff, Daniel Gongwer ("Gongwer" or "Plaintiff"), by counsel, brings this action against Defendant, CRG Residential, LLC ("Defendant"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as amended, and the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), as amended, 38 U.S.C. § 4301 *et seq.*

**II. P**ARTIES

2. Gongwer is a resident of the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Northern District of Indiana.

3. Defendant maintains an office and conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 29 U.S.C. § 216(b); 38 U.S.C. § 4323 (b)(3).

5. Defendant is an "employer" as that term is defined by 29 U.S.C. § 203(d) and 38 U.S.C. § 4303(4).

6. Gongwer was an "employee" as that term is defined by 29 U.S.C. § 203(e)(1) and 38 U.S.C. § 4303(3).

7. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

8. At all times relevant to this cause of action, Gongwer was a member of the "Uniformed Services" within the meaning of 38 U.S.C. § 4303(16).

9. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV.  FACTUAL ALLEGATIONS

10. Gongwer was hired by Defendant as an Assistant Superintendent on or about November 11, 2019.

11. In his role as the Assistant Superintendent, Gongwer reported to Dakota Ruddick, Superintendent; Brandon Prince, former Superintendent, Project Engineer in Redevelopment; Matt Hallien, Project Manager; and Chris Locke, former Superintendent.  Gongwer consulted the Superintendents for issues on the job sites between one to five times per day.

2

12. At all relevant times, Gongwer was a non-exempt employee who was entitled to be paid time and a half for hours over forty (40) hours worked in any workweek.

13. Gongwer regularly worked in excess of forty (40) hours per week, but the Defendant did not pay him at least one and one-half times his hourly rate of pay for time he spent performing work-related duties in excess of a workweek of forty hours.

14. The Superintendent had the authority to hire and fire employees or subcontractors and could make Additional Work Authorizations (AWA's) for additional expenditures if necessary. As the Assistant Superintendent, Gongwer did not have the authority to perform these tasks.

15. Gongwer's job responsibilities entailed assisting with the daily operation and management of Defendant's residential projects, including, but not limited to, installation and removal of cabinets, repairing and replacing missing or damaged light fixtures, and picking up and personally delivering countertops to job sites; assisting in maintaining an organized job site, including the construction office/trailer; taking responsibility for the inventory and unloading of all construction material purchased by Defendant for the projects; tracking and documenting the daily manpower of subcontractors working on the constructions site; assisting in preparing and maintaining the construction schedule; ordering materials and scheduling inspections as necessary throughout the process; complying with the objections of the OSHA Safety and Loss Control Program; promoting and ensuring job safety, encouraging safe work practices and rectifying job site hazards immediately; maintaining positive relations with customers, contractors, suppliers and other colleagues; adhering to Defendant's emergency policies and procedures; attending staff meetings, workshops, corporate seminars, and assigned trainings; performing all other related duties as assigned; assisting the Superintendent in the quality control

procedures; and assisting the Superintendent with all paperwork required for all material deliveries and presenting it to the Superintendent for final review.

16. Gongwer's job responsibilities did not entail arranging for repairs by additional installers; performing back-charges for incomplete work or violations of contract; formulating business policies or procedures; performing duties directly related to Defendant's financing, budgeting, accounting, auditing, research, employee benefits, taxes, insurance, advertising, or computer technology; or exercising discretion and independent judgment with respect to matters of significance.

17. Gongwer did not have specialized training for performing inspections and simply compared what he saw at the job sites with the pre-established industry standards he was previously directed to conform with.

18. Paul McCully, Project Manager in Redevelopment, reserved the authority to approve AWA's, contract Change Orders, had the final authority to approve actions on a job site, had the authority to hire and fire employees and subcontractors, and had the ability to exercise discretion and independent judgment with respect to matters of significance. Gongwer would discuss the job sites with Mr. McCully between one to five times per week.

19. At all relevant times, Gongwer met or exceeded the Defendant's legitimate performance expectations.

20. On or about March 6, 2020, Gongwer informed Paul McCully, via phone call, of his intent to join the Marines.

21. On or about April 13, 2020, Gongwer requested information on his exemption status for overtime pay under the FLSA from Mark Thompson (Vice President of Redevelopment & Renovations), Cindy Treaster (Director of Human Resources), and Paul

McCully. Thereafter, Gongwer restated to Paul McCully and Dakota Ruddick his intent to enlist in the Marines.

22. On April 15, 2020, Gongwer took a personal day of leave to meet with the Marines recruiters at RSS Augusta.

23. On April 20, 2020, Defendant terminated Gongwer's employment.

24. Defendant's stated reason for terminating Gongwer's employment is pretext for retaliation under the FLSA and USERRA.

## V. CAUSES OF ACTION

### COUNT I: FLSA – Failure to Pay Overtime Wages

25. Gongwer hereby incorporates by reference paragraphs one (1) through twenty-four (24) as if the same were set forth at length herein.

26. Gongwer was a non-exempt employee of Defendant, who engaged in interstate commerce.

27. Defendant intentionally and willfully failed to compensate Gongwer at least one and one-half times his hourly rate of pay for time that he spent performing work-related duties in excess of a workweek of forty hours.

28. Gongwer suffered damages as a result of Defendant's unlawful actions and is entitled to recover from Defendant all compensation which he earned, as well as liquidated damages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

29. Defendant's actions in denying Gongwer overtime compensation is intentional, willful, and/or done with reckless disregard for his statutory rights.

### COUNT II: FLSA – Retaliation

30. Gongwer hereby incorporates paragraphs one (1) through twenty-nine (29) of his Complaint.

31. Gongwer engaged in protected activity under the FLSA when he requested information on his exemption status for overtime pay under the FLSA.

32. Defendant terminated Gongwer's employment because he engaged in activity protected by the FLSA.

33. Defendant's actions were intentional, willful, and in reckless disregard of Gongwer's rights as protected by the Fair Labor Standards Act.

34. Gongwer suffered damages as a result of Defendant's unlawful actions.

## COUNT III: USERRA – Retaliation

35. Gongwer hereby incorporates paragraphs one (1) through thirty-four (34) of his Complaint.

36. Gongwer engaged in protected activity under USERRA when he informed the Defendant of his intent to join the Marines and later met with the Marines recruiters.

37. Defendant terminated Gongwer's employment because he engaged in protected activity under USERRA.

38. Defendant's actions were intentional, willful, and in reckless disregard for Gongwer's rights as protected by USERRA, as amended, 38 U.S.C. § 4301 *et seq*.

39. Gongwer suffered damages as a result of Defendant's unlawful conduct.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Daniel Gongwer, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Reinstate Gongwer to the position, salary and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Gongwer of front pay in lieu thereof;

2. All wages, benefits, compensation and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Order injunctive relief sufficient to ensure that Defendant ceases and desists from further unlawful employment practices in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* USERRA;

4. Payment to Plaintiff of all unpaid wages and overtime compensation;

5. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

6. Liquidated damages;

7. Costs and attorney's fees incurred as a result of bringing this action;

8. Pre- and post-judgement interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Ryan Sullivan
Ryan Sullivan (Atty. No. 34217-64)
144 North Delaware Street
Indianapolis, IN 46204
Telephone:  (317) 991-4765
Facsimile:   (812) 424-1005
Email: rsullivan@bdlegal.com

*Attorney for Plaintiff, Daniel Gongwer*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Daniel Gongwer, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Ryan Sullivan*
Ryan Sullivan (Atty. No. 34217-64)
144 North Delaware Street
Indianapolis, IN 46204
Telephone:  (317) 991-4765
Facsimile:   (812) 424-1005
Email: rsullivan@bdlegal.com

*Attorney for Plaintiff, Daniel Gongwer*